UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| OGE ARUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3: 22-cv-3252-CRL-DJQ |
| | ) | |
| TABITH MARCACCI and WILLIAM | ) | |
| DEMUTH, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendants seek dismissal as a sanction following Plaintiff first failing to timely respond to discovery requests after being ordered by the Court to respond and also because they believe Plaintiff's belated responses are legally insufficient. The Court recommends serious sanctions be imposed but that the case not be dismissed.

## I.     Procedural Background

On November 22, 2022, Plaintiff Arum filed a Complaint alleging racial discrimination following his dismissal from the Illinois State Police ("ISP") as a Forensic Scientist Trainee on January 8, 2021. (Doc. 1). Defendant Marcacci was an ISP training coordinator and Defendant Demuth was an ISP Director of Training. Defendants filed an answer on August 2, 2023. (Doc. 8). A scheduling order was entered on December 19, 2023. (Doc. 14). Joint motions to extend discovery deadlines were granted on December 13, 2024, and May 1, 2025. (12-13-24 Text Order and 5-1-25 Text Order). With the second

request for an extension, the Parties also jointly moved to compel Plaintiff to respond to outstanding written discovery.

On May 1, 2025, Magistrate Judge Long ordered Plaintiff, by May 21, 2025, to produce: "(1) Plaintiff's Initial Disclosures; (2) Plaintiff's response to Defendants' First Interrogatories Directed to Plaintiff; (3) Plaintiff's response to Defendants' First Request for Production Directed to Plaintiff; (4) Plaintiff's response to Defendants' Second Set of Interrogatories Directed to Plaintiff; and (5) Plaintiff's response to Defendants' Second Set of Requests for Production Directed to Plaintiff." (5-1-25 Text Order). The deadline was subsequently extended to May 28, 2025.

Because Plaintiff did not timely or sufficiently respond, on June 3, 2025, Defendants moved for sanctions. (Doc. 24). After Plaintiff was granted an extension of time to respond, the Court held a hearing on Defendants' motion for sanctions. On July 31, 2025, at the hearing, Defendants argued for dismissal and Plaintiff argued that a lesser sanction of having to pay for the costs associated with bringing the motion for sanctions was appropriate. The Court agreed with Plaintiff and ordered that Plaintiff pay the Defendants the costs for drafting, filing, and arguing the motion. It ordered Defendants to file an accounting and gave Plaintiff an opportunity to object. The Court also gave Plaintiff "until 8/14/2025 to fully answer all outstanding discovery requests. Plaintiff is warned that failure to timely and fully answer the discovery requests will likely result in the case being dismissed." (7-31-25 Text Order).

On August 8, 2025, Defendants filed an accounting seeking $3,018.87 as a sanction. Plaintiff did not file an objection to the amount and on August 29, 2025, Plaintiff's counsel

2

affirmed that he had no objection to the monetary sanction being imposed against Plaintiff.

On August 15, 2025, following a short extension, which Plaintiff asked for on the same day the discovery responses were due, Plaintiff's Counsel sent Defendants Counsel Plaintiff's Initial Disclosures and responses to interrogatories and document requests. After the deadline, Plaintiff provided further responses. In total there were five responses. (Docs. 28-1, 28-2, 28-3, 28-4, and 28-5). On August 26, 2025, Defendants filed objections to the responses. (Doc. 28). The Court held a hearing on August 29, 2025. Defendants objections can be summarized into five categories: (1) some of the responses were untimely; (2) the answers to the interrogatories are not properly signed and verified by Plaintiff; (3) Plaintiff objected to various requests and interrogatories after the Court previously held any objections were untimely and waived; (4) Plaintiff failed to properly answer some of the interrogatories; and (5) Plaintiff failed to properly respond to some of the requests to produce.

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 37, the Court has the authority to impose sanctions, including dismissal, for failure to comply with discovery orders. Under Rule 37(b), a party who fails to obey an order to provide discovery may be subject to the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or

> opposing designated claims or defenses, or from introducing
> designated matters into evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;
> or
> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

The district court is authorized to order sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992) ("Our case law makes it clear that a district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders."). However, the sanction selected must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the nonmoving party. *Id*. To apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

### III.    Analysis

A.  $3,018.87 Monetary Sanction

4

District Courts within the Seventh Circuit are split on whether Magistrate Judges have the power to award monetary sanctions for discovery violations. *See Cage v. Harper*, 2020 WL 1248685 (N.D. Ill. Mar. 16, 2000) (Magistrate Judge imposing sanctions and discussing law). Regardless, a monetary sanction in this case was recommended as an appropriate lesser sanction by Plaintiff's Counsel on July 31, 2025, and he did not object to the amount. Thus, the Court recommends that the District Court reaffirm the imposition of $3,018.87 payable to Defendants' Counsel against Plaintiff.

B.  Untimeliness

Defendants are correct that not all of Plaintiffs responses were sent to Defendants' Counsel by August 15, 2025, and that Plaintiff has not shown good cause for why they were sent late. Nevertheless, the Court believes a two-day delay, although inexcusable considering the warnings given at the July 31, 2025 hearing, does not justify further sanctions.

C.  Lack of Verification

Defendants are correct that Plaintiff did not properly sign nor verify the answers to interrogatories. (Doc. 28-2 and 28-3). The law is clear that answers to interrogatories must be signed and verified by the client. *Hindman v. Nat'l Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 619 (7th 1982). The purpose of the rule is so answers can be used in Court. The Court recommends that Plaintiff be ordered to submit the verifications to Defendants within seven days.

D.  Objections and Sufficiency of Responses

1.  Supplemental Answers to First Interrogatories (Doc. 28-2)

5

Defendants are also correct that on July 31, 2025, the Court made it clear that because Plaintiff had failed to abide by the Court order mandating him respond to the written discovery that he had waived his right to object to the discovery requests when he responded on August 15, 2025. Despite the clear order, Plaintiff objected to some of the interrogatories and requests to produce while at the same time answering. Specifically, as it relates to Plaintiff's Supplemental Answers to Defendants' First Interrogatory Answers, (Doc. 28-2), Plaintiff objected to Interrogatories 2 and 3. Relatedly, Plaintiff also made reference to documents, Arum 1-2, that the Court ordered he needed to cite specific pages to, as opposed to referencing the entire 400 plus page document. The Court believes the appropriate sanction is to strike the first three sentences of Plaintiff's Answers to Interrogatories 2 and 3.

Defendants also argue Plaintiff's response to Interrogatory 4 in the same document is evasive and does not fully answer the question. The Court disagrees and Plaintiff's Counsel affirmed that the answer is the extent of Plaintiff's current knowledge on the issue.

In regard to Interrogatory 11, at the August 29, 2025 hearing, Plaintiff's Counsel agreed that an appropriate sanction for Plaintiff's deficient responses to the damages related interrogatories and requests to produce is to bar Plaintiff from seeking economic damages at trial. The Court agrees. Given what was produced, it is impossible for Defendants to determine whether Plaintiff adequately mitigated his economic damages and also the basis for Plaintiff seeking $45,000 in economic damages related to re-training. Thus, Plaintiff should be barred from recovering economic damages.

    2.   Answers to Second Set of Interrogatories (Doc. 28-3)

The Court disagrees with Defendants that the Answers to 12, 13, and 15 are evasive, vague, and confusing. This is especially true given Plaintiff's Counsel's oral representations.

    3.   Responses to Requests to Produce (Docs. 28-4 and 28-5)

In regard to the response to Request 8 of the initial production, (Doc. [28-4]), as previously stated, Plaintiff agrees that he should be barred from seeking economic damages and the Court agrees.

As it relates to the responses to the second production, (Doc. 28-5), the Court disagrees with Defendants that response to Request 14 is evasive. The same is true for the responses to Requests 18 through 20.

### IV.    Conclusion

Although a close call, the Court does not believe that the harshest sanction, dismissal, should be imposed. Instead, for the forgoing reasons, the Court recommends:

1. Plaintiff be ordered to pay Defendants $3,018.87;

2. Plaintiff be barred from seeking economic damages to include lost wages, benefits, or the costs of education and training he incurred;

3. The first three sentences to the Answers to Interrogatories 2 and 3, (Doc. 28-2), be stricken; and

4. Plaintiff be ordered to sign and verify his answers to interrogatories within seven (7) days.

The Court will set a status hearing immediately after the District Court rules on

the Report and Recommendation with the intent to impose an expedited scheduling order.

     ENTERED: September 2, 2025.

s/Douglas J. Quivey
_____
DOUGLAS J. QUIVEY
UNITED STATES MAGISTRATE JUDGE
